**MONTY et al. v. CHRISTIANSEN et ux.**
**No. 266.**

District Court, W. D. Wisconsin.

Oct. 29, 1942.

O. S. Hoebreckx, of Rhinelander, Wis., for defendants.

M. H. Greenberg, of Eveleth, Minn., for plaintiffs.

STONE, District Judge.

This action was commenced on behalf of one hundred seven (107) plaintiffs by Henry Paull and M. H. Greenberg as their agents and representatives, for and in behalf of all employees of defendants and all those similarly situated. At the pre-trial conference had on or about February 11, 1942, the parties hereto stipulated that "the only issue involved in the case is whether or not those employees who have actually performed work outside of regular working hours had been compensated for all of the work actually performed"; that the Wage and Hour Division be authorized to investigate to ascertain the names and categories of those employees who have performed such work and the amount of work actually performed. The period to be covered by this examination was to extend from October 24, 1938, to December 20, 1940. It was further stipulated that the plaintiffs waive any claim for double liability under Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 216(b) and that upon the filing of the findings of the Wage and Hour Division with the Court and the attorneys for the parties, defendants agreed to make payments in accordance therewith, and after such payment is made, plaintiffs agreed to sign such releases as shall be required by the defendants, and that the above entitled action would then be dismissed on its merits. The stipulation further provided that the question of costs in connection with this action shall be determined by the court.

Thomas O'Malley, Regional Director of the Wage and Hour Division, United States Department of Labor, for Region XI, which includes the state of Wisconsin, pursuant to the terms of the said stipulation, which was approved by the Court, filed his report with the Court on or about August 17, 1942, from which report it appears that the inspectors for the Wage and Hour Division thoroughly investigated all aspects of the employees' claims for back wages resulting in violations of the Fair Labor Standards Act, and found that only 34 of the 107 plaintiffs named in said complaint were entitled to additional compensation; that the total amount due said employees was $1,717.30, which is approximately one-tenth of the amount demanded in plaintiffs' complaint.

After the filing of said report, and on the 22nd day of August, 1942, M. H. Greenberg, one of plaintiffs' attorneys, filed his petition with this Court for an allowance of attorney's fees and costs pursuant to said stipulation.

The authority of the petitioner to represent the 107 employees of defendant, named as plaintiffs in this action, was challenged by defendants. Defendants requested that interrogatories be submitted to plaintiffs, answers to which would disclose whether or not petitioner was authorized to act as their counsel. Petitioner returned but sixty-eight interrogatories, and of these 68 returned, only 37 answered Question 3 thereof by stating that they had designated Paull and Greenberg as agents through their union. The proof of petitioner's authorization to represent said plaintiffs is unsatisfactory. It is evident that petitioner failed to make a careful and diligent investigation of the alleged claims of the plaintiffs prior to the commencement of the action. The claims of but 34 of the 107 were substantiated by the investigation made by the Wage and Hour Division, hereinbefore referred to.

The stipulation disposed of the necessity of a trial of this cause. Section 571, Title 28, of the United States Code, 28 U.S.C.A. § 571, provides in part as follows:

"The following fees and no other shall be taxed and allowed to attorneys * * * in the courts of the United States * * * except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys * * * from charging to and receiving from their clients * * * such reasonable compen-

sation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective States, or may be agreed upon between the parties."

Section 572 of said Title provides for the allowance of a fee of $10 in cases at law where judgment is rendered without a jury. Section 271.04 of the Wisconsin Statutes provides in part as follows: "When allowed costs shall be as follows: (1) Fees. (a) When the amount recovered or the value of the property involved is one thousand dollars or over, the costs (exclusive of disbursements) shall be one hundred dollars; * * *".

Section 271.11 of the Wisconsin Statutes provides that no disbursements shall be allowed without an affidavit specifying the items thereof nor unless they appear to have been necessary and reasonable in amount. The petition lists many items that are not taxable. It lists sheriff's fees in the sum of $17.70, but it appears from the return of the sheriff filed herein that the sheriff's fees amounted to $5.10. The clerk's fees are $10. The telephone and telegraph expense is $19.49. The total sheriff's fees, clerk's fees, and telephone and telegraph expense is $43.59 which will be allowed the petitioner as taxable costs.

In addition thereto, the Court allows petitioner the Wisconsin statutory fee of $100 as attorney's fee, which it deems fair and reasonable. Counsel has a claim against his clients for a reasonable attorney's fee in addition to that allowed by this Court.

Plaintiffs are entitled to judgment against the defendants for the sum of $1,717.30, plus $134.59 attorney's fees and costs.